# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA

## PRISONER COMPLAINT
## [FOR INMATE ACTION] UNDER 42 U.S.C. § 1983

Courtney M. Smith
Name under which you were convicted

# 181090
Your prison number

CIVIL ACTION NO. 24-CV-38-TFM-N
(To be supplied by Clerk of Court)

vs.

Senior Agent David Jones
Agent David Martinez
Name of Defendant(s) Leroy D. Dale
FS Sides
Warden Terry Raybon
W. C. Holman 3700 Holman Unit, Atmore, Al 36503
Place of Confinement and Address

## INSTRUCTIONS - READ CAREFULLY

A. **Complaint Form.** You must file your original complaint and a copy for each named Defendant. Your complaint must be <u>clearly</u> handwritten or typewritten. Do not use the back of a page. Your complaint must be signed by you; no notary is required. <u>Any false statement of material fact may serve as the basis for prosecution for perjury</u>.

B. **Proper Court.** Your complaint can only be brought in this Court if a defendant is located in the Southern District of Alabama and the rest of the defendants are located in Alabama or if your claim arose in this district. The Southern District of Alabama is comprised of the following counties: Baldwin, Clarke, Choctaw, Conecuh, Dallas, Escambia, Hale, Marengo, Mobile, Monroe, Perry, Washington, and Wilcox.

C. **Separate Case.** It is necessary to file a separate complaint form for each claim unless the claims are related to the same incident or issue.

D. **Defendants.** The persons who are listed as defendants in section III of the complaint are deemed by the Court to be the only defendants to this action. A defendant's present address must be provided. The Court is unable to serve process without the present address being furnished. The first defendant listed in section III should be the defendant that you list in the style of your case on your complaint form and motion to proceed without prepayment of fees and costs, if applicable, and any other pleading filed with the Court.

Rev. 12/1/2020

E. <u>Pleading the Complaint</u>. Your complaint <u>should</u> <u>not</u> contain legal arguments, case law or statutory citations. You are required to provide facts. Your complaint shall be a <u>short</u> and <u>plain</u> statement of your claim and shall provide fair notice <u>to</u> <u>each</u> <u>defendant</u> of the claim against that defendant and of the factual grounds upon which the claim rests.

F. <u>Fees</u>. This complaint cannot be properly filed unless it is accompanied by the $402.00 filing fee, or a motion to proceed without prepayment of fees if you are unable to afford the filing fee and other costs associated with prosecuting this action. If IFP is granted the filing fee is $350.00.

If you are unable to pay the filing fee and service costs for this action, you may ask the Court to let you proceed without prepayment of fees and costs. A blank motion for this purpose is included.

If you wish to proceed without prepayment of fees and costs, you must complete and mail to the Clerk of Court a copy of the "Motion to Proceed Without Prepayment of Fees" mailed to you with this complaint. This motion will be returned to you without action unless you have an authorized officer at the jail or prison complete the financial statement mailed to you with this form.

Even if the Court authorizes you to proceed without prepayment of filing fees, you are obligated to pay the full $350.00. If you have the ability to pay a partial filing fee when your complaint is filed, you will be required to pay an amount, based on your assets, of up to the greater of 20 percent of your average monthly balance in your prison account or your average monthly balance for six months immediately preceding the filing of your complaint. Thereafter, your prison account will be garnished at the rate of 20 percent of your monthly income until the filing fee is paid.

G. <u>Form of Pleadings</u>. All pleadings and other papers filed <u>must</u> be on 8 1/2" x 11" paper, <u>legibly</u> handwritten or typewritten. Every document filed after the complaint must have the style of the case and the <u>docket</u> <u>number</u>. Every pleading must be signed by you and must contain your address and telephone number, if any; otherwise, the pleading <u>will</u> <u>be</u> <u>stricken</u>. <u>See</u> Fed. R. Civ. P. 11(a). No notary is required.

H. <u>Certificate of Service</u>. Each pleading filed after the complaint <u>must</u> contain a certificate of service indicating that the pleading has been served on the opposing parties and the date that it was sent. A pleading <u>will</u> <u>be</u> <u>stricken</u> if it does not contain this certificate of service. <u>See</u> Fed. R. Civ. P. 5.

I. <u>Copies</u>. This Court <u>will</u> <u>not</u> make copies of your complaint or pleadings unless you prepay the required per page copying fee.

J. <u>Form of Pleadings</u>. <u>Do</u> <u>not</u> write letters to the Court. All pleadings and documents should be sent to the Clerk of the Court, and not to a magistrate judge or a district judge.

K. <u>No Evidence</u>. No evidence shall be sent to the Court for filing or storing.

I. **PREVIOUS LAWSUITS.**

A. Have you filed any other lawsuits in state or federal court dealing with the same or similar facts involved in this action:
   Yes (✓)   No ( )

B. Have you filed other lawsuits in state or federal court relating to your imprisonment:
   Yes ( )   No (✓)

C. If your answer to questions A or B above is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using this same outline.)

   1. Parties to this previous lawsuit:

   Plaintiffs: Courtney M. Smith

   Defendants: Darren Wright, Ashley Kidd

   2. Court (if federal court, name the district; if state court, name the county): United States District Court for the Southern District of Alabama

   3. Docket Number: 19-0857-CG-N

   4. Were you granted the opportunity to proceed without payment of filing fees?
   Yes ( )   No ( )   N/A

   5. Name of judge to whom the case was assigned: Callie V. S. Granade

   6. If your case is no longer pending and has been dismissed, state the reason given by the Court as to why your case was dismissed, i.e., frivolous, malicious, failed to state a claim, defendants were immune, etc.

   _____N/A_____

   7. Approximate date of filing lawsuit:   N/A
   8. Approximate date of ruling by court:   N/A

3

## II. YOUR PRESENT COMPLAINT.

A. Place or institution where action complained of occurred: W.C. Holman / I + I headquarters

B. Date it occurred: Dec 2018 - 2019

C. Is there a prisoner grievance procedure in this institution? NO

D. Did you present the facts relating to your complaint in the state prisoner grievance procedure?
   Yes ( )   No ( )   N/A

E. If your answer is YES:

   1. What steps did you take? N/A

   2. What was the result? N/A

F. If your answer is NO, explain why not: _____

G. Your claim (briefly explain your claim: what, when, where, who; do not cite cases; you may, without leave of Court, add up to five (5) additional pages if necessary):

See: Attached Complaint

## III. PARTIES.

A. <u>Plaintiff</u> (Your name/AIS): Courtney M. Smith # 181090

Your present address: 3700 Holman Unit, Atmore, Al 36503

B. <u>Defendant(s)</u>:

1. Defendant (full name) David Jones is employed as Senior Agent at Alabama Depart- of Corrections

His/her present address is 109 North Main St., Atmore, Al 36502

(a) Claim against this defendant: Jones deliberately withheld facts and evidence from his Investigative Report.

(b) Supporting facts (Include date/location of incident):
See: Attached complaint for supporting facts

2. Defendant (full name) David Martinez is employed as Agent at Alabama Department of Corrections

His/her present address is 109 North Main St., Atmore, Al 36502

(a) Claim against this defendant: See: Attached Complaint

(b) Supporting facts (Include date/location of incident):
See: Attached Complaint for supporting facts

3. Defendant (full name) Leroy D. Dale is employed as Supervisor at Alabama Department of Corrections

His/her present address is 109 North Main St., Atmore, Al 36502

(a) Claim against this defendant: __See: Attached Complaint__

(b) Supporting facts (Include date/location of incident):
__See: Attached Complaint for Supporting facts__

C. Additional Defendants: (If there are additional defendants, you may list them on separate pages using the same outline above).

IV. A. You must answer the following questions:

1. State the conviction(s) for which you are presently incarcerated: __Murder/Attempted Murder__.

2. When were you convicted? __IN or about 2011__

3. What is the term of your sentence? __25 years__

4. When did you start serving this sentence? __2011__

5. Do you have any other convictions which form the basis of a future sentence?
    Yes ( )    No (✓)

If so, complete the following:

(a) Date of conviction: _____

(b) Term of sentence: _____

6. What is your expected end of sentence (E.O.S.) date? _____

B. If this present lawsuit concerns your criminal conviction or sentence, state whether your conviction has been:

|              | Conviction   | Sentence     |      |
|--------------|--------------|--------------|------|
| Reversed     | yes( ) no( ) | yes( ) no( ) | N/A  |
| Expunged     | yes( ) no( ) | yes( ) no( ) |      |
| Invalidated  | yes( ) no( ) | yes( ) no( ) |      |

6

Additional Defendant(s)

4. Defendant: F.S. Sides, is employed as Assistant Director of Investigations + Intelligence Division at Alabama Department of Corrections.

Address: 109 North Main St., Atmore, Al 36502

Claim against this defendant: See: Attached Complaint

Supporting Facts: See: Attached Complaint for supporting facts.

5. Defendant: Warden Terry Raybon, is employed as Warden at W.C. Holman Corr. Fac., at Alabama Department of Corrections.

Address: 866 Ross Road, Atmore, Al 36502

Claim against this defendant: See: Attached Complaint

Supporting Facts: See: Attached Complaint for supporting facts.

## In The United States District Court For The Southern District Of Alabama

Courtney M. Smith
    Plaintiff,

Vs.

David Jones,
David Martinez,
Leroy D. Dale, FS Sides & Warden Terry Raybon
    Defendant(s)

Individual/Official Capacity.

### COMPLAINT WITH JURY TRIAL DEMAND

This is a civil rights action filed by Courtney M. Smith, a state prisoner, for damages and injunctive relief under 42 U.S.C. Section 1983; alleging 8th & 14th Amendment right violations.

### JURISDICTION

1. This Court has jurisdiction over this plaintiff's claims of violation of federal Constitutional rights under 42 Sec, 1331 (1) and 1343.

2. This Court has supplemental jurisdiction over the plaintiff's State law tort claims under 28 U.S.C. Sec 1367.

### PARTIES

1. The plaintiff Courtney M. Smith, is incarcerated at Holman Correctional Facility

2. The Defendant(s) D.Jones, D.Martinez, L.Dale, F.Sides, & Warden Terry Raybon, are male Correctional Officer's employed, by Alabama Department of Corrections.

### CLAIM

### STATEMENT OF THE CASE AND FACTS

1. On or about Dec 2,2018, plaintiff [hereinafter Smith], was temporarily living in A Unit at W.C. Holman, Corr, Fac., while in this Unit Inmate [Vaquerro K. Armstrong] was stabbed numerous times by other inmates while I was sitting on another inmates bed. Armstrong died as a result of his injuries on Dec 2, 2018.

2. On or about Sunday Dec 2, 2018 at approximately 2123 hours, Senior Agent David Jones and Agent David Martinez interviewed one Corr., Officer Darren Wright, at W.C. Holman CF., COI Wright

\

allegedly witnessed four (4) inmates stabbing inmate Vaquerro K. Armstrong with ice picks and another weapon described by Wright as a piece of wood, with a blade at the end of the wood. Out of the four (4) inmates stabbing Armstrong Wright identified plaintiff Courtney M. Smith, as one of the four.

3. On or about Dec 2018, plaintiff was served a disciplinary which is Rule 901 of the Alabama Department of Correction's Administrative Regulation 403 for murder.

4. On or about Monday Dec 3,2018, at approximately 0043 hours, Senior Agent David Jones and Agent Peek interviewed plaintiff Courtney M. Smith, at W.C. Holman CF., Plaintiff was questioned as to whether or not he stabbed inmate Vaquerro Armstrong; which he (Smith) denied doing. SA Jones informed plaintiff that he was positively identified as one of the four (4) inmates who had stabbed inmate Armstrong to death.

5. On or about Monday Dec 3, 2018, at approximately 1430 hours Senior Agent Jones "without" any evidence other than Darren Wright's statement, went to the Escambia County Courthouse and signed a warrant for plaintiffs' arrest for murder.

6. On or about Dec 4, 2018, at approximately 1125 hours Senior Agent David Jones & Agent David Martinez went to Kilby Corr,Fac., and served plaintiff (Smith) with the warrant for his arrest, for the murder of Vaquerro K. Armstrong.

7. On or about Dec 26, 2018 at approximately 1438 hours, a disciplinary hearing was held to determine whether plaintiff was guilty of murdering Vaquerro K. Armstrong.

Witnesses were called and one inmate Larry Wayne Garrett #115219X, testified that at the time of the stabbing/murder, Smith was sitting on his (Garretts') bed. Lt. Brandon McKenzie, who was a Lt. at W.C. Holman Cf., testified that "my intel" said inmate Courtney Smith B/181090 wasn't involved in the incident. The hearing Officer Sergeant Terrance Ratcliffe, found that on Dec 2, 2018, plaintiff was not involved in the incident. Sgt. Ratcliffe contacted Officer Darren Wright by telephone. Officer Wright informed Sgt. Ratcliffe that he didn't actually witness plaintiff stabbing inmate Vaquerro Armstrong, but plaintiff "did appear" to have a knife.

8. On or about Jan 16, 2019, at or about 9:34 a.m., unbeknownst to plaintiff (Smith), Senior Agent David Jones completed the Alabama Uniform Incident/Offense Report against Plaintiff Courtney M. Smith. Though he was aware that Officer Darren Wright had recanted his statement at the Dec 26, 2018 disciplinary hearing.

9. On or about March 13, 2019, unbeknownst to plaintiff (Smith), Senior Agent David Jones for the "Investigative & Intelligence Division", for the Alabama Department of Corrections, completed his "**investigative Report**" regarding the murder of Vaquerro K. Armstrong. Agent Jones knowingly and deliberately withheld the facts, and evidence out of his report, that the only eye witness,(Darren Wright) who allegedly claimed that he (Darren Wright) saw plaintiff (Smith) stabbing Vaquerro Armstrong to death had recanted his statement at the Dec 26,2018 disciplinary hearing.

10. On or about March 14,2019, unbeknownst to plaintiff (Smith), Supervisor Leroy D. Dale reviewed the "Investigative Report" of Senior Agent David Jones. Defendant Dale knew or should've known that the report was flawed and didn't have a complete account/of the facts and evidence of the disciplinary for murder given to plaintiff; and the disciplinary hearing evidence obtained, when its' the

Alabama Department of Corrections policy is to write inmate's a disciplinary for whatever infraction they [inmates] may have violated.

11. On or about March 22, 2019, unbeknownst to plaintiff (Smith) Assistant Director FS Sides reviewed said "Investigative Report" done by Senior Agent David Jones. Sides knowingly and indifferently overlooked the fact that the report was missing any and all facts and evidence showing that State witness Officer Darren Wright had recanted his statement, stating that he never saw plaintiff (Smith) stab to death Vaquerro K. Armstrong on Dec 2, 2018.

Unbeknownst to plaintiff, (Smith), defendant Warden Terry Raybon, withheld the facts and evidence also from the District Attorney's Office of Escambia County, that State witness Wright had recanted his statement.

Unbeknownst to plaintiff (Smith) This Investigative Report and other evidence was submitted to the District Attorney of Escambia County, Alabama "without", the testimonial/physical (Disciplinary Report/Hearing), showing the only eye witness Wright had recanted his statement.

12. On or about April or May 2019, plaintiff was indicted for capital murder based off the inaccurate misinformation Senior Agent David Jones submitted to the District Attorney of Escambia County, Alabama, to secure an indictment against plaintiff for a murder he never committed.

13. On or about August or September, 2023, through defense attorney Charles Johns Esq., plaintiff received a copy of the "Baldwin Legal Investigations LLC," (discovery package), which was obtain from the State of Alabama Department of Corrections, "Investigations & Intelligence Division". Nowhere in the discovery package does it mentioned anything about Officer Darren Wright recanting his statement, which was on Dec 26, 2018. Though this was an ongoing investigation, up to March 13, 2019.

14. On or about Sept 2023, the Escambia County District Attorney's Office filed a motion to Nolle Prosse the then pending capital murder case CC-19-208. Said motion to dismiss said charge was granted by the Circuit Court Judge Jeffrey A. White on Sept 22, 2023.

Had Senior Agent David Jones, David Martinez, Supervisor Leroy D. Dale, Assistant Director FS Sides, & Warden Terry Raybon presented the evidence that Officer Darren Wright had recanted his statement, there's a strong probability, that the District Attorney of Escambia County, Alabama would not have submitted his [Smith] case to the grand jury, because there was no evidence against him showing he had killed Vaquerro K. Armstrong.

Plaintiff points out that had the recanted statement been presented to the District Attorney, plaintiff would never have lingered in solidarity confinement (Penal Tomb), for four (4) years and ten (10) months awaiting to be tried for a crime he never committed.

Plaintiff points out that had the recanted statement been presented to the District Attorney he could've made parole in the year of 2023 when he went up, but was denied because of the then pending murder case against him.

**RELIEF SOUGHT**

Wherefore, Plaintiff request that this Hon. Court grant the following relief:

    A. Declare that each defendant violated Smith's 8th & 14th Amendment rights, when they deliberately and indifferently withheld the facts and evidence from the "Investigative Report", and from the District Attorney of Escambia County, Alabama; that the only eye witness to the murder had recanted his statement.

    B. Award compensatory damages in the amount of $250,000.00 against each defendant jointly and severally for the emotional injuries(shame & degradation), that plaintiff suffered by being charged for a crime he did not commit; being placed in solidarity confinement (Penal Tomb), for 4yrs and 10 months; being denied parole because of the "then" pending murder charge.

    C. Award $50,000.00, against each defendant jointly and severally, for punishment, including deprivation of liberty, and emotional injury resulting from being placed in a penal tomb, because of their failure to acknowledge and notify the District Attorney of Escambia County, Alabama, that the eye witness (Darren Wright) had recanted his statement, exonerating plaintiff of the crime of murder.

    D. Award punitive damages in the amount of $25,000.00 against each defendant jointly and severally.

Date: 1/30/24

Courtney M. Smith
Courtney M. Smith

4

Courtney M. Smith
# 181090   E-Unit
3700 Holman Unit
Atmore, Al 36503



To: U.S. District Court Cle

155 Saint Joseph St.

Mobile Al. 36602